PRISCILLA CLARENBACK, Plaintiff

v.

RALPH E. THOMASON, Defendant

Civil No. 1196-1968

PRISCILLA CLARENBACK, Plaintiff

v.

ERNEST M. WHITAKER, Defendant

Civil No. 1197-1968

Municipal Court of the Virgin Islands
Dist. of St. Thomas and St. John

August 29, 1969

HOFFMAN, *Municipal Judge*

MEMORANDUM OPINION

The two above captioned cases were tried on July 9, 1969 before the Court as consolidated actions since the issues were virtually the same. Defendants requested and were given permission to submit Memorandum and Stipulation to plaintiff's attorney by August 11, 1969 and plaintiff's attorney was given ten days after receipt of said Memorandum and Stipulation to reply. Defendants' attorney submitted said items but plaintiff's attorney submitted nothing in reply. The stipulation of the parties as to rent in the Thomason case Civil No. 1196-1968 was that said defendant was entitled to a refund of $64.20; and in

the Whitaker case, Civil No. 1197-1968 plaintiff was owed $156.80 ... both without reference to defendants' defenses and counterclaims.

The Court is accepting, as substantially correct, the statement of facts as set out in the defendant's Memorandum dated August 12, 1969 and incorporates same herein without repetition.

The crux of this controversy resolves itself in substance to claims for rent by the plaintiff pursuant to the leases of each party (both marked Plaintiff's Exhibit 1) and the defenses and counterclaims of defendants by reason of the dislodgment of the boulder on November 29, 1968 resulting in loss of use of portions of the premises and facilities which defendants were entitled to enjoy under their respective leases. In addition, defendant Thomason claimed failure to furnish hot water by reason of a defective hot water heater for the period 11/20/68 to 1/31/69 and for a two week period prior to 11/20/68 which the Court finds as a fact occurred.

The Court finds that the plaintiff's placement of the boulders in the manner testified to and held in place by their own weight was negligent and the fact that the heavy rainstorm dislodged one of them, should have been anticipated and doesn't absolve plaintiff from liability for the damage resulting. That defendants established no damages except loss of use of a portion of the premises for the period November 29, 1968 (the date of the rainstorm) to the date of removal January 31, 1969.

That defendant Whitaker is liable for unpaid rent for this period at the rate of $225.00 per month which the Court finds as the reasonable rental for the premises in the condition permitted by plaintiff to continue without repairs, less credit of the deposit of $325.00.

That defendant Thomason is liable for rent for the same period at the rate of $150.00 per month, which the Court

finds as the reasonable rental for the premises in the condition permitted by plaintiff to continue without repair, including the failure to supply hot water for the period indicated, less credit of the deposit of $225.00.

Costs allowed to each defendant, together with $100.00 counsel fee to each defendant.

Defendants' attorney will prepare judgment accordingly.